FILED

2009 OCT 16 PM 12:38

CLERK ... CIRCUIT COURT
OCALA FLORIDA

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT IN AND FOR
MARION COUNTY, FLORIDA

CASE NO. 09-5323 CA-G

Tommie J. Edwards, an individual

    Plaintiff,

vs.

ED DEAN, in his official capacity as Sheriff of
Marion County, FL; DAVID TENCZA, individually
and in his capacity as a corrections officer of
the Marion County Sheriff's Office; and TIMOTHY
LEMMEYER, individually and in his capacity as a
corrections officer of the Marion County Sheriff's
Office; and BEATRIZ AYALA, individually
and in her capacity as a corrections officer of
the Marion County Sheriff's Office

    Defendants.
_____/

2009 SEP 16 PM 2:38
FILED CIRCUIT CIVIL
DAVID R. ELLSPERMANN
CLERK CIRCUIT COURT
MARION COUNTY

## COMPLAINT

COMES NOW the Plaintiff, TOMMIE J. EDWARDS, by and through his undersigned attorneys, and sues the Defendants, ED DEAN in his official capacity as Sheriff of Marion County; DAVID TENCZA, individually and in his official capacity as a corrections officer of the Marion County Sheriff's Office; TIMOTHY LEMMEYER, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office; and BEATRIZ AYALA, individually and in her capacity as a corrections officer of the Marion County Sheriff's Office and alleges:

    1. This is an action for damages which exceed the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs, interest, and attorneys' fees.

    2. At all times material, Plaintiff, TOMMIE J. EDWARDS, was a resident of Marion County, Florida.

236 SOUTH LUCERNE CIRCLE

LAW OFFICES
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
PROFESSIONAL ASSOCIATION
(407) 843-7060

ORLANDO, FLORIDA 32801

Exhibit A

3. At all times material, Defendant ED DEAN (herinafter "MARION COUNTY SHERIFF") was and is the Sheriff of Marion County, Florida and is being sued in his official capacity.

4. At all times material, Defendant DAVID TENCZA (herinafter "TENCZA") was an employee of Defendant MARION COUNTY SHERIFF, and was employed as a corrections officer acting within the course and scope of his employment.

5. At all times material, Defendant TIMOTHY LEMMEYER (herinafter "LEMMEYER") was an employee of Defendant MARION COUNTY SHERIFF, and was employed as a corrections officer acting within the course and scope of his employment.

6. At all times material, Defendant BEATRIZ AYALA (herinafter "AYALA") was an employee of Defendant MARION COUNTY SHERIFF, and was employed as a corrections officer acting within the course and scope of his employment.

7. At all times material, Defendants TENCZA, LEMMEYER, and AYALA were corrections officers employed, trained, and supervised by Defendant MARION COUNTY SHERIFF.

8. At all times material, all of the Defendants owed Plaintiff, TOMMIE J. EDWARDS, a duty to act within the bounds, confines, limitations, and restrictions of the Constitution of the United States of America and its Amendments, and to refrain from violating the Constitutional Rights of the Plaintiff.

9. On or about August 4, 2007, in Marion County, Florida, Defendants TENCZA and LEMMEYER physically battered, assaulted, and/or were negligent causing serious and permanent injuries to the

236 South Lucerne Circle

Law Offices
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
PROFESSIONAL ASSOCIATION
(407) 843-7060

Orlando, Florida 32801

Plaintiff, TOMMIE J. EDWARDS, while removing him from a police vehicle, placing him into a holding cell, and in the holding cell.

10. On or about August 4, 2007, in Marion County, Florida, Defendants MARION COUNTY SHERIFF, TENCZA and LEMMEYER physically battered, assaulted, and/or were negligent causing serious and permanent injuries to the Plaintiff, TOMMIE J. EDWARDS.

11. Plaintiff has complied with all conditions precedent to the bringing of this action against ED DEAN, individually and in his capacity as MARION COUNTY SHERIFF, and the other Defendants, including compliance with Fl.Stat. §768.28.

### COUNT I - VIOLATION OF 42 U.S.C. §1983- Tencza

12. Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1 through 11 and further alleges:

13. Acting under the color of law, Defendant TENCZA intentionally, or with deliberate indifference and callous disregard for the rights of the Plaintiff, physically battered the Plaintiff, EDWARDS, causing serious injuries.

14. As a result of the use of unreasonable and excessive force against the Plaintiff EDWARDS, Defendant TENCZA intentionally, or with deliberate indifference and callous disregard for the rights of Plaintiff, deprived Plaintiff of his right against unreasonable and excessive force, his right against deprivation of liberty without due process of law, his right to equal protection under the law, and other right guaranteed by the United States Constitution, including the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

15. In his battery and use of excessive force against Plaintiff EDWARDS, Defendant TENCZA violated clearly established law

236 SOUTH LUCERNE CIRCLE

LAW OFFICES
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
PROFESSIONAL ASSOCIATION
(407) 843-7060

ORLANDO, FLORIDA 32801

on the use of excessive force in using force that was not objectively reasonable under the particular circumstances.

16. In his battery and use of excessive force against Plaintiff EDWARDS, Defendant TENCZA violated state and departmental regulations, which constituted a deprivation of the Plaintiff, TOMMIE EDWARDS' civil rights.

17. In violation of Plaintiff's due process rights as secured in the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §1983, Defendant TENCZA provided false and misleading information to superior officers in order to justify the improper use of force upon the Plaintiff.

18. As a direct and proximate results of the acts of Defendant TENCZA, Plaintiff has suffered damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983.

19. Plaintiff, TOMMIE EDWARDS is entitled to damages for the deprivation of his constitutional rights.

20. Plaintiff has hired the undersigned attorneys and has agreed to pay them a reasonable attorneys' fee. Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, TOMMIE EDWARDS, sues the Defendant, DAVID TENCZA, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office for damages in excess of the minimum jurisdictional limits of this court, plus costs, interest, and attorneys' fees, and demands a trial by jury.

**COUNT II - VIOLATION OF 42 U.S.C. §1983- Lemmeyer**

LAW OFFICES
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
PROFESSIONAL ASSOCIATION
(407) 843-7060
236 SOUTH LUCERNE CIRCLE   ORLANDO, FLORIDA 32801

21. Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1 through 20 and further alleges:

22. Acting under the color of law, Defendant LEMMEYER intentionally, or with deliberate indifference and callous disregard for the rights of the Plaintiff, physically battered the Plaintiff EDWARDS, causing serious injuries.

23. As a result of the use of unreasonable and excessive force against the Plaintiff EDWARDS, Defendant LEMMEYER intentionally, or with deliberate indifference and callous disregard for the rights of Plaintiff, deprived Plaintiff of his right against unreasonable and excessive force, his right against deprivation of liberty without due process of law, his right to equal protection under the law, and other rights guaranteed by the United States Constitution, including the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

24. In his battery and use of excessive force against Plaintiff, EDWARDS, Defendant LEMMEYER violated clearly established law on the use of excessive force in using force that was not objectively reasonable under the particular circumstances.

25. In his battery and use of excessive force against Plaintiff EDWARDS, Defendant LEMMEYER violated state and departmental regulations, which constituted a deprivation of the Plaintiff, TOMMIE EDWARDS' civil rights.

26. In violation of Plaintiff's due process rights as secured in the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §1983, Defendant LEMMEYER provided false

236 South Lucerne Circle

Law Offices
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
Professional Association
(407) 843-7060

Orlando, Florida 32801

and misleading information to superior officers in order to justify the improper use of force upon the Plaintiff.

27. As a direct and proximate result of the acts of Defendant LEMMEYER, Plaintiff has suffered damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983.

28. Plaintiff, TOMMIE EDWARDS is entitled to damages for the deprivation of his constitutional rights.

29. Plaintiff has hired the undersigned attorneys and has agreed to pay them a reasonable attorneys' fee. Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, TOMMIE EDWARDS, sues the Defendant, TIMOTHY LEMMEYER, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office for damages in excess of the minimum jurisdictional limits of this court, plus costs, interest, and attorney's fees, and demands a trial by jury.

### COUNT III - VIOLATION OF 42 U.S.C. §1983- Ayala

30. Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1 through 29 and further alleges:

31. In violation of Plaintiff's due process rights as secured in the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §1983, Defendant AYALA provided false and misleading information to superior officers in order to justify the improper use of force upon the Plaintiff.

32. As a direct and proximate result of the acts of Defendant AYALA, Plaintiff has suffered damages in connection with

236 South Lucerne Circle

Law Offices
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
PROFESSIONAL ASSOCIATION
(407) 843-7060

Orlando, Florida 32801

the deprivation of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983.

33. Plaintiff, TOMMIE EDWARDS, is entitled to damages for the deprivation of his constitutional rights.

34. Plaintiff has hired the undersigned attorneys and has agreed to pay them a reasonable attorneys' fee. Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, TOMMIE EDWARDS, sues the Defendant, BEATRIZ AYALA, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office for damages in excess of the minimum jurisdictional limits of this court, plus costs, interest, and attorneys' fees, and demands a trial by jury.

### COUNT IV - Violation of 42 U.S.C. §1983 - Dean

35. Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1-34 and further alleges:

36. Defendant, ED DEAN, in her official capacity as Sheriff of Marion County, Florida, prior to August 4, 2007, had adopted and promulgated a policy, custom, practice, and procedure regarding use of force by his deputies. This policy encouraged Marion County sheriff deputies including TENCZA, LEMMEYER, and AYALA to act in a way that was not objectively reasonable under the particular circumstances resulting in a deprivation of Plaintiff TOMMIE EDWARDS' constitutional rights.

37. Prior to August 4, 2007, Defendant DEAN, in his official capacity, permitted, encouraged, tolerated, and ratified a pattern or practice of unjustified and unreasonable behavior by his deputies.

Law Offices
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
Professional Association
(407) 843-7060
236 South Lucerne Circle                                          Orlando, Florida 32801

38. Defendant DEAN, has maintained and adopted, promulgated, and implemented a policy, custom, practice, and procedure for use of excessive force that resulted in an unjustifiable use of excessive force against Plaintiff EDWARDS.

39. Defendant DEAN has a persistent practice and custom of exhibiting deliberate indifference to the Constitutional rights of persons in the custody of the Marion County Sheriff, which caused a violation of Plaintiff EDWARDS' federally protected rights.

40. It was a policy and/or custom of Defendant DEAN to inadequately train and supervise his deputies, which resulted in the excessive use of force on Plaintiff EDWARDS that deprived him of rights secured by the United States Constitution and 42 U.S.C. §1983.

41. As a direct and proximate result of Defendant DEAN's actions and in violation of 42 U.S.C. §1983, Plaintiff EDWARDS was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of the act of Defendant DEAN, Plaintiff has suffered damages in connection with the deprivation of his Constitutional and Statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983.

43. Plaintiff, TOMMIE EDWARDS, is entitled to damages for the deprivation of his Constitutional rights.

44. Plaintiff has hired the undersigned attorneys and has agreed to pay them a reasonable attorneys' fee. Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

236 South Lucerne Circle

Law Offices
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
Professional Association
(407) 843-7060

Orlando, Florida 32801

WHEREFORE, Plaintiff, TOMMIE EDWARDS, sues the Defendant, ED DEAN, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office for damages in excess of the minimum jurisdictional limits of this court, plus costs, interest, and attorneys' fees, and demands a trial by jury.

### COUNT V- NEGLIGENCE - TENCZA

45. Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1-44 and further alleges:

46. In the alternative Defendant TENCZA owed a reasonable duty of care to Plaintiff EDWARDS.

47. On or about August 4, 2007 Defendant TENCZA breached his duty of care to Plaintiff EDWARDS by using excessive force while EDWARDS was in custody.

48. As a direct and proximate result of the foregoing Plaintiff, TOMMIE EDWARDS, sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish, inconvenience and loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future.

WHEREFORE Plaintiff, TOMMIE EDWARDS, sues the Defendant DAVID TENCZA for damages in excess of the minimal jurisdictional limits of the court, plus costs, interest, and attorney's fees, and demands trial by jury.

### COUNT VI- NEGLIGENCE - LEMMEYER

49. Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1-48 and further alleges:

50.  In the alternative Defendant LEMMEYER owed a reasonable duty of care to Plaintiff EDWARDS.

51.  On or about August 4, 2007 Defendant LEMMEYER breached his duty of care to Plaintiff EDWARDS by using excessive force while EDWARDS was in custody.

52.  As a direct and proximate result of the foregoing Plaintiff, TOMMIE EDWARDS, sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish, inconvenience and loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future.

WHEREFORE Plaintiff, TOMMIE EDWARDS, sues the Defendant TIMOTHY LEMMEYER for damages in excess of the minimal jurisdictional limits of the court, plus costs, interest, and attorney's fees, and demands trial by jury.

### COUNT VII- NEGLIGENCE MARION COUNTY SHERIFF - DEAN VICARIOUS LIABILITY

53.  Plaintiff, TOMMIE EDWARDS, reiterates, realleges and adopts the foregoing paragraphs 1-52 and further alleges:

54.  Defendant ED DEAN in his physical capacity as Sheriff of Marion County owed the Plaintiff, TOMMIE EDWARDS, a duty of reasonable care.

55.  Defendant DEAN, himself, or through his employees, TENCZA AND LEMMEYER breached his duty of care to the Plaintiff in all of but not limited to the following ways:

   a:  by negligently training TENCZA and LEMMEYER in the use of force;

236 South Lucerne Circle

Law Offices
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
Professional Association
(407) 843-7060

Orlando, Florida 32801

b:  by negligently hiring and retaining TENCZA and LEMMEYER;

c:  by negligently failing to discipline any officers who had used excessive force upon members of the public in the past, thereby condoning the subject defendant's use of excessive force in this case;

d:  TENCZA and LEMMEYER negligently struck the Plaintiff or negligently dragged the Plaintiff along the ground so that his body made contact with the ground.

e:  TENCZA kicked and battered EDWARDS while he was in custody.

56.  The Defendant DEAN is vicariously liable for the acts of his employees set forth in this complaint.

57.  As a direct and proximate result of the foregoing Plaintiff, TOMMIE EDWARDS, sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish, inconvenience and loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future.

236 South Lucerne Circle

Law Offices
Wooten, Honeywell, Kimbrough,
Gibson, Doherty and Normand
Professional Association
(407) 843-7060

Orlando, Florida 32801

WHEREFORE Plaintiff, TOMMIE EDWARDS, sues the Defendant ED DEAN for damages in excess of the minimal jurisdictional limits of the court, plus costs, interest, and attorney's fees, and demands trial by jury.

        WOOTEN, KIMBROUGH, GIBSON
          DOHERTY AND NORMAND, P.A.
        P.O. Box 568188
        Orlando, FL 32856-8188
        (407) 843-7060
        Fax: (407) 843-5836
        Attorney for Plaintiff

        By _____
          Diego M. Madrigal, III
          FBN 0037643

236 South Lucerne Circle    LAW OFFICES
WOOTEN, HONEYWELL, KIMBROUGH,
GIBSON, DOHERTY AND NORMAND
PROFESSIONAL ASSOCIATION
(407) 843-7060    Orlando, Florida 32801