UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TOMMIE J. EDWARDS, an individual,

    Plaintiff,                          CASE NO.: 5:09-cv-457-Oc-10-GRJ

vs.

ED DEAN, in his official capacity as Sheriff of
Marion County, FL; DAVID TENCZA, individually
and in his capacity as a corrections officer of the Marion
County Sheriff's Office; and TIMOTHY LEMMEYER,
Individually and in his capacity as a corrections officer
of the Marion County Sheriff's Office; and BEATRIZ AYALA,
individually and in her capacity as a corrections officer
of the Marion County Sheriff's Office,

    Defendants.
_____/

**DEFENDANT, ED DEAN, AS SHERIFF OF MARION COUNTY, FLORIDA'S
ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

    Defendant, Ed Dean, in his official capacity as Sheriff of Marion County, Florida, by and through his undersigned attorneys, an answer to Plaintiff's Complaint herein says:

    1.    Admitted solely for the purposes of jurisdiction.

    2.    Without knowledge and denied.

    3.    Admitted.

    4-6.    Admitted that defendants were employed by Sheriff Dean but denied that the actions as described were within the course and scope of employment.

7. Admitted that such individuals were corrections officers employed by Defendant and that such individuals received training and supervision through their employment with Defendant but otherwise denied.

8. Admitted as to those portions of the Constitution that affords protection to Defendant as a pretrial detainee but otherwise denied.

9. Without knowledge and denied.

10. Without knowledge and denied.

11. Without knowledge and denied.

## COUNT I – VIOLATION OF 42 U.S.C. §1983 – TENCZA

12. Defendant re-alleges his prior answers.

13-20. Without knowledge and denied.

## COUNT II – VIOLATION OF 42 U.S.C. §1983 – LEMMEYER

21. Defendant re-alleges his prior answers.

22-29. Without knowledge and denied.

## COUNT III – VIOLATION OF 42 U.S.C. §1983 – AYALA

30. Defendant re-alleges his prior answers.

31-34. Without knowledge and denied.

## COUNT IV – VIOLATION OF 42 U.S.C. §1983 – DEAN

35. Defendant re-alleges his prior answers.

36. Denied.

37. Denied.

38. Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

43.  Denied.

44.  Without knowledge and denied.

## COUNT V – NEGLIGENCE – TENCZA

45.  Defendant re-alleges his prior answers.

46.  Admitted as such duty applied to pretrial detainees and is set forth in the law applicable to pretrial detainees but otherwise denied.

47-48.  Without knowledge and denied.

## COUNT VI – NEGLIGENCE – LEMMEYER

49.  Defendant re-alleges his prior answers.

50.  Admitted as such duty applied to pretrial detainees and is set forth in the law applicable to pretrial detainees but otherwise denied .

51-52.  Without knowledge and denied.

## COUNT VII – NEGLIGENCE MARION COUNTY SHERIFF DEAN VICARIOUS LIABILITY

53.  Defendant re-alleges his prior answers.

54.  Admitted as such duty applied to pretrial detainees and is set forth in the law applicable to pretrial detainees but otherwise denied.

55-57.  Denied.

## DEMAND FOR JURY TRIAL

Defendant, Ed Dean, in his official capacity as Sheriff of Marion County, Florida, demands trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

1. Any injurious results suffered by Plaintiff did not arise as a result of any custom, policy or practice routinely in effect at the Sheriff's Office.

2. Any actions of co-Defendants as alleged in Plaintiff's Complaint were outside of the course and scope of their duty with the Marion County Sheriff's Office.

3. In the event that any of the acts of Defendant's employees resulted in criminal actions, such actions were superseding intervening causes that break the chain of any causation against this Defendant.

4. Any liability of Defendant for state law claims is limited in the amount of recovery by the provisions of Florida Statutes §768.28. In the event that it is determined that any of co-Defendants' actions or omissions were committed outside the course and scope of his or her employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, this Defendant has no liability in accordance with Florida Statutes §768.28(9)(a).

5. Plaintiff's Complaint fails to state a cause of action for which relief can be granted as a matter of law.

6. There is no direct causal link between any official policy or custom of this Defendant and the alleged constitutional deprivation claimed by Plaintiff.

7. Defendant cannot be held liable pursuant to 42 U.S.C. §1983 for the acts and/or omissions of his officers based solely upon the principles of respondeat superior or vicarious liability.

8. Plaintiff may have received certain payments for collateral sources as defined under federal and state law and as such, this Defendant is entitled to a setoff or deduction equal to the value of collateral sources paid or payable to Plaintiff from such sources.

9. Defendant has not promoted any policies nor engaged in any practices or patterns of behavior which would have made the alleged incident more likely to occur, or was condoned or approved any alleged or improper action taken on the part of any party hereto nor is there any history of widespread abuse or any custom or policy, formal or informal, sufficient to put this Defendant on notice of the potential for constitutional violations.

10. Plaintiff may have failed fully and completely comply with the notice and service provisions of Florida Statutes §768.28(6) and (7).

11. Defendant is entitled to sovereign immunity for any claims brought against him under Florida law and for any actions involving the exercise of governmental discretion or that are not operational in nature.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **October 20, 2009**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following: Diego M. Madrigal, III, Esq., Wooten, Kimbrough, Gibson, Doherty and Normand, P.A., P.O. Box 568188, Orlando, FL 32856-8166, and D. Andrew DeBevoise, Esq., DeBevoise & Poulton, P.A., 1035 S. Semoran Blvd., Ste 1010, Winter Park, FL 32792. I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF system participants.  N/A.

**/s/ John M. Green, Jr, Esquire**
Florida Bar No. 107993
John M. Green, Jr., P.A.
125 N.E. First Ave., Ste. 2
Ocala, Florida 34470
Tel: (352) 732-9252
Fax: (352) 732-7915
jmgjr@mac.com
Attorneys for Defendant, Ed Dean, as
Sheriff of Marion County, Florida