UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TOMMIE J. EDWARDS, an individual,

    Plaintiff,

vs.   CASE NO.: 5:09-CV-457-Oc-10-GRJ

ED DEAN, in his official capacity as
Sheriff of Marion County, FL; DAVID
TENCZA, individually and in his capacity
as a corrections officer of the Marion
County Sheriff's Office; and TIMOTHY
LEMMEYER, individually and in his
capacity as a corrections officer of the
Marion County Sheriff's Office; and
BEATRIZ AYALA, individually and in
her capacity as a corrections officer of the
Marion County Sheriff's Office,

    Defendants.
_____/

## MOTION TO DISMISS BY DEFENDANT AYALA

COMES NOW Defendant BEATRIZ AYALA, individually[1], and requests the Court to enter an order dismissing the complaint with prejudice against Defendant Ayala for the following reasons:

    1.    Defendant Ayala is entitled to qualified immunity.

---

[1] Defendant Ayala is also sued "in her capacity as a corrections officer of the Marion County Sheriff's Office", which is effectively a claim against the Sheriff's Office, is therefore redundant, and should be dismissed. Thus, this motion is brought on Ayala's behalf in her individual capacity only. "...[A] suit against a government officer in is official capacity is simply a suit against the relevant governmental entity." *Brown v. Neumann*, 188 F.3d 1289, 1290 n.1 (11th Cir. 1999), citing *Kentucky v. Graham*, 473 U.S. 159 (1985).

2. The complaint asserts one claim against Defendant Ayala, at Count III.

3. Count III is a claim pursuant to 42 U.S.C. § 1983, asserting that Defendant Ayala violated Plaintiff's Fourteenth Amendment right to due process.

4. The factual allegation supporting this claim is that Defendant Ayala provided false and misleading information to superior officers in order to justify use of excessive force upon Plaintiff.

5. The allegations of Count III against Defendant Ayala do not establish that she violated clearly established law; therefore, she is entitled to qualified immunity.

6. The allegations of Count III do not meet the heightened pleading standard for individual liability 42 U.S.C. § 1983 claims required by the Eleventh Circuit, and therefore do not state a constitutional claim against Defendant Ayala as a matter of law.

WHEREFORE, Defendant BEATRIZ AYALA, individually, requests the Court to enter an order dismissing the Complaint as to Defendant Beatriz Ayala, individually.

## **MEMORANDUM OF LAW**

### I.

The Complaint should be dismissed with prejudice because the allegations, taken to be true and viewed in a light most favorable to the plaintiff, establish that Defendant Ayala did not violate clearly established law - therefore she is entitled to qualified immunity at this initial stage of the proceedings.[2] The assertion that plaintiff was subjected to unconstitutional excessive force by codefendants Tencza and Lemmeyer, and that Ayala violated plaintiff's Fourteenth Amendment due process rights by providing false and misleading information to superior officers in order to justify the improper use of force, does not set up a violation by Ayala of a clearly established constitutional right.

The analysis of Ayala's request for immunity should begin with a general definition of the concept of "clearly established law." The Eleventh Circuit this year in *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009) gave the following explanation of "clearly established law":

> A right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right, *Long v. Slaton,* 508 F.3d 576, 584

---

[2] There are two components to qualified immunity: first, was the officer acting within her discretionary authority; second, did her actions violate clearly established law. The allegations of the complaint make clear that Ayala was acting within her discretionary authority; thus, this memo will focus on the issue of clearly established law.

3

(11th Cir.2007); (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right, *id.*; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law. *Mercado v. City of Orlando,* 407 F.3d 1152, 1159 (11th Cir.2005).

Application of this explanation of clearly established law to this situation shows, first, that counsel has been unable to locate any case law with indistinguishable or even similar facts – i.e., an officer providing false or misleading information to a superior officer with respect to an incident of excessive force - as constituting a due process violation. It appears, after diligent research, that no Florida Supreme Court, Eleventh Circuit or United States Supreme Court case with indistinguishable or similar facts has clearly established such a due process right. [3]

And, while the law is clearly established that a prosecutor's knowing use of perjured testimony by a police officer violates due process, *Briscoe v. LaHue,* 103

---

[3] With respect to case law: "…the law can be 'clearly established' for qualified immunity purposes only by decisions of the U. S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821 n.4 (11th Cir. 1997), citing *Hamilton v. Cannon*, 80 F.3d 1525, 1532 n.7 (11th Cir. 1996); "In determining…whether the right was clearly established at the time of the incident – under controlling law we turn to the precedent of the United States Supreme Court, the precedent of this Court, and to the highest Court of the relevant state in interpreting and applying the law in similar circumstances. This Court has said clearly, consistently, and on numerous occasions that we may only consider the precedent of these courts in determining whether the case law has 'clearly established' a right for qualified immunity purposes." *Poulakis v. Rogers,* 2009 WL 2447356 (11th Cir. 2009)(unreported decision).

S.Ct. 1108 (1983), the issue of whether false *testimony* by a police officer *in itself* violates the Constitution is undecided. *Briscoe* at 1111.[4] The question remains open.[5] Thus, the state of law currently (and at the time of the subject incident) is that case law expressly notes an undecided question as to whether false *testimony* by an officer is in itself a due process violation; and there is no specific case law guidance on the issue of whether an officer who provides false and misleading *information* to a superior officer to justify the improper use of force, by that act alone violates due process.

Nor has the constitutional right alleged by plaintiff been the subject of general statements of law that would provide notice of clearly established law. As stated by the Eleventh Circuit in *Mercado v. City of Orlando,* 407 F.3d 1152, 1159 (11th Cir.2005)(some citations omitted):

> If there is no case law directly on point, "[g]eneral statements of the law contained within the Constitution, statute, or caselaw may sometimes provide 'fair warning' of unlawful conduct." These

---

[4] "The Court has held that the prosecutor's knowing use of perjured testimony violates due process, but has not held that the false testimony of a police officer in itself violates constitutional rights." *Briscoe* at 1111, n.1 (citations omitted).

[5] See *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365 (9th Cir. 1998), section 1983 shooting death claim where shooting officers accused of false statements to investigators at scene and at coroner's inquest – court noting that "it appears to be an open question whether allegations of perjury, without more, state a due process claim under section 1983 [citing *Briscoe*] ... [but] we need not resolve this question today." Summary judgment for defendants on standing grounds affirmed. And see *Henry v. Ryan*, 2009 WL 692356 (D.Ariz 2009), death penalty habeas relief claiming constitutional violations – petitioner did not assert that state knew of alleged perjury of officer when he testified about crime scene – "[t]herefore, his claim would fail even if he could demonstrate that [the officer's] testimony was untruthful." (citing footnote one from *Briscoe*).

5

principles may give notice to officers, provided that the decisions clearly apply to the situation at hand. The "reasoning, though not the holding" of prior cases can also send "the same message to reasonable officers" in novel factual situations.

The general principle of law must be specific enough to give the officers notice of the clearly established right. Indeed, the principle that officers may not use excessive force to apprehend a suspect is too broad a concept to give officers notice of unacceptable conduct. See *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir.1997) (noting that although the unconstitutionality of using excessive force is an established principle, the concept is far too broad).

It is instructive to note that the Eleventh Circuit has made it abundantly clear that a section 1983 claim alleging that officers conspired to cover-up the use of excessive force – for example, by failing to document use of force in police reports – must assert and demonstrate that the cover-up infringed an underlying constitutional right. *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008). While a conspiracy is not expressly asserted here, the fact that Edwards' complaint fails to allege that the cover-up by Ayala caused some consequence of recognized constitutional dimension for Edwards requires dismissal of this complaint (i.e., a malicious prosecution, a wrongful jail inmate disciplinary proceeding, an inability

to acquire evidence impacting the right to access to the courts to redress constitutional violations). The bare existence of the cover-up or the obstruction in itself has not been clearly established to be a violation of Fourteenth Amendment due process rights.

Prior to January of this year, qualified immunity applications were subjected to a mandatory two-step analysis: (1) was a constitutional right violated; and if so, (2) was that right clearly established. *Saucier v. Katz*, 121 S.Ct. 2151 (2008). As a result of judicial and scholarly criticism, this "rigid order of battle" was modified in *Pearson v. Callahan*, 129 S.Ct. 808 (2009). It is now not always necessary to determine first whether plaintiff has made out a constitutional violation; some cases are appropriate to determine only the second prong of the *Saucier* analysis, and evaluate whether the law on the point is clearly established. Where, as in this instance, the United States Supreme Court has expressly noted the existence of unsettled law as to the question of false testimony in itself as a constitutional violation; and where similar case law involving constitutional claims arising out of cover-ups or conspiracies does not recognize a constitutional violation; and where there is no specific case precedent on the point, it is not helpful or a productive use of judicial resources to require the district court to engage in the exercise of determining whether the due process right asserted by plaintiff exists – it is enough

to determine here that the issue is not clearly established, and that qualified immunity follows.

Finally, to the extent that Edwards' complaint impliedly asserts that Ayala's actions impaired an internal investigation by the agency, or Edwards' "right" to an investigation, the Eleventh Circuit has unequivocally rejected that claim. Absent an allegation that he was arrested as a result of the internal investigation, Edwards has no claim – Edwards "has no substantive right of any kind to an investigation of [his] excessive force complaint ... much less one created by the Constitution . . ." and has no "entitlement to an internal investigation ... of [his] complaints of police brutality." *Vinyard v. Wilson*, 311 F.3d 1340, 1356(11 Cir. 2002).[6]

## II.

Dismissal of Plaintiff's complaint is also appropriate based on its failure to meet the heightened pleading standard that applies to section 1983 claims in the Eleventh Circuit; namely claims against which qualified immunity is asserted as a defense. In *GJR Investments, Inc. v. County of Escambia, FL*, the court explained the heightened pleading requirements that apply to Section 1983 claims when

---

[6] See unreported opinion, *Crenshaw v. Lister*, 2006 WL 4692577 (M.D. Fla. 4/17/2006) – section 1983 claim arising from K-9 apprehension - plaintiff asserted that defendant "by his actions and inactions knowingly and willfully participated in covering up the illegal acts of other defendants with the intent to deprive the plaintiff of [various constitutional rights]." Complaint dismissed, the district court observing "[t]he Eleventh Circuit recognizes a cause of action for failing to conduct a constitutionally sufficient investigation if defendant is arrested as a result of the investigation. *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004). However, the investigation in this case did not result in his arrest ... [p]laintiff has no standing to complain about the quality of the investigation of others, and has no actionable constitutional cause of action against defendant ...based on the quality of the investigation."

8

qualified immunity is asserted by the defendant. 32 F.3d 1359, 1367 (11th Cir. 1998). The court stated:

> ...[W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit...has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the fact which make out its claim. Some factual detail to the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

These requirements are meant "...to strike a fair balance between plaintiffs' need for redress and a meaningful application of immunity defenses...." *Weissman v. National Ass'n of Securities Dealers, Inc.* 500 F.3d 1293, 1309 (11th Cir. 2007). In this case, the court advised that if a plaintiff does not allege sufficient facts to avoid an immunity defense, then "...the immunity is apparent from the face of the complaint and dismissal is appropriate under [Federal Rule of Civil Procedure] 12(b)(6)." *Id.*

The Plaintiff in this case has pled barely any facts related to Defendant Ayala[7], and the few facts regarding Ayala that are contained in the Complaint are not detailed and do not provide Defendant Ayala with any connection between her actions and Plaintiff's constitutional rights. As such, Plaintiff's Section 1983 claim against Defendant Ayala should be dismissed.

_____
D. ANDREW DeBEVOISE, ESQUIRE
Florida Bar No.:   0281972
Email: *debevoise@debevoisepoulton.com*
ERIN M. TUECHE, ESQUIRE
Florida Bar No.:   0045104
Email: *tueche@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   407-673-5059
Attorneys for Defendant Beatriz Ayala

---

[7] The only facts the Plaintiff has pled in regards to Ayala's behavior are contained in Paragraph 31 of his complaint, which reads, "In violation of Plaintiff's due process rights as secured in the Fourteenth Amendment..., Defendant AYALA provided false and misleading information to superior officers in order to justify the improper use of force upon the Plaintiff."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Diego M. Madrigal, III, Esquire**, Wooten, Kimbrough, Gibson, Doherty & Normand, P.A., Post Office Box 568188, Orlando, Florida 32856-8188; **John M. Green, Jr., Esquire** and **Linda L. Winchenbach, Esquire**, John M. Green, Jr., P.A., 125 N.E. First Avenue, Suite 2, Ocala, Florida 34470.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: **n/a**

/s/ D. Andrew DeBevoise
D. ANDREW DeBEVOISE, ESQUIRE
Florida Bar No.:   0281972
Email: *debevoise@debevoisepoulton.com*
ERIN M. TUECHE, ESQUIRE
Florida Bar No.:   0045104
Email: *tueche@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   407-673-5059
Attorneys for Defendant Beatriz Ayala

11