UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.:  5:09-CV-00457-WTH-GRJ

TOMMIE J. EDWARDS, an individual,

    Plaintiff,

vs.

ED DEAN, in his official capacity as Sheriff of Marion County, FL; DAVID TENCZA, individually and in his capacity as a corrections office of the Marion Co. Sheriff's office; TIMOTHY LEMMEYER, individually and in his capacity as a corrections officer of the Marion Co. Sheriff's Office; BEATRIZ AYALA, individually, and in her capacity as a corrections officer of the Marion Co. Sheriff's Office,

    Defendants.

_____/

## **DEFENDANT, TIMOTHY LEMMYER'S, MOTION TO DISMISS COUNTS II AND VI OF PLAINTIFF'S COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW the Defendant, Timothy Lemmeyer, by and through his undersigned counsel, and files this Motion To Dismiss Counts II and VI of Plaintiff's Complaint with Supporting Memorandum of Law, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and in support thereof states as follows:

    1.    The factual allegations in Count II fail to state a cause of action for a deprivation of Plaintiff's constitutional rights under the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  The Plaintiff has failed to meet

the heightened pleading standard applicable to individual capacity suits filed pursuant to 42 U.S.C. § 1983. Thus, the Defendant, Timothy Lemmeyer is entitled to qualified immunity.

2. Count VI of Plaintiff's Complaint fails to state a cognizable claim for negligence under Florida law. Negligent use of excessive force is not recognized under Florida law. Even if Plaintiff's negligence claim was recognized under Florida law, Count VI would still be subject to dismissal, because the allegations cannot circumvent Defendant, Timothy Lemmeyer's, entitlement to statutory immunity pursuant to Florida Statute §768.28(9)(a). Thus, Count VI of the Complaint is subject to dismissal as a matter of law.

## MEMORANDUM OF LAW

**I.    Standard of Review**

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409, n.10 (11th Cir. 1996). The Eleventh Circuit imposes a heightened pleading standard on claims under 42 U.S.C. § 1983 where, as here, an individual can assert a qualified immunity defense. *See*, *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir. 2004). Under the heightened pleading standard, the plaintiff must go beyond the notice pleading standard of Rule 8 and "allege with some specificity the facts which make out [his or her] claim." *GJR Invs.*, 132 F.3d at 1367.

**II.     Plaintiff's Complaint Fails To State A Cause Of Action, Pursuant To 42 U.S.C. § 1983 For A Violation Of Plaintiff's Rights Under The Due Process Clauses or Equal Protection Clause Of The Fourteenth Amendment Of The United States Constitution**

The factual allegations in Count II cannot support a 42 U.S.C. § 1983 for an alleged violation of Plaintiff's rights under the Due Process Clause or the Equal Protection Clause. In Count II, the Plaintiff alleges that this Defendant deprived him of his " . . . due process rights as secured in the Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983 . . . ." The only factual allegation asserted by the Plaintiff in support of his due process claim is that " . . . Defendant LEMMEYER provided false and misleading information to superior officers in order to justify the improper use of excessive force upon the Plaintiff." The Complaint is completely devoid of any allegation that the alleged "false and misleading information" was used to deprive the Plaintiff of life, liberty or property. The Complaint does not allege that the "false or misleading information" resulted in any adverse action whatsoever.

The United States Supreme Court's decisions in *Tennessee v. Garner*, 471 U.S. 1 (1985) and *Graham v. Connor*, 490 U.S. 386 (1989), clearly establish that "all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Connor*, 490 U.S. at 395.

Similarly, Plaintiff's claim that Defendant, Timothy Lemmeyer, deprived him of his right to equal protection also fails as a matter of law. The Plaintiff failed to allege that he was a member of a protected class within the meaning of the equal protection clause. Additionally, the Plaintiff failed to allege any set of facts that could support a "class of one" equal protection

3

claim. In Count II of the Complaint, the Plaintiff also alleges that Defendant, Timothy Lemmeyer, " . . . violated state and departmental regulations, which constituted a deprivation of the Plaintiff, TOMMIE EDWARDS' civil rights." "A violation of state law or internal procedures alone without any evidence that those violations are also violations of rights protected by either federal statute or the federal constitution are insufficient to rise to a § 1983 claim . . .." *Moran v. Corr. Servs. Corp.*, 2002 U.S. Dist. LEXIS 26507 (S.D. Fla. 2002). The United States Supreme Court has made it clear that § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *See*, *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979).

In Paragraph 9 of the Complaint, the Plaintiff alleges the Defendants " . . . physically battered, assaulted, and/or were negligent in causing serious and permanent injuries to the Plaintiff, TOMMIE J. EDWARDS, while removing him from a police vehicle, placing him into a holding cell, and [sic] in the holding cell." Mere negligence will not support a claim brought pursuant to 42 U.S.C. § 1983. *See*, *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)("The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of Constitutional due process"); *Porter v. White*, 483 F.3d 1294, 1307-1308 (11th Cir. 2007)(A negligent act or omission cannot provide a basis for liability in a § 1983 action seeking compensation for loss of liberty).

A detailed review of the Complaint clearly demonstrates that the only cognizable claim arguably asserted in Count II, which could potentially give rise to liability under 42 U.S.C. § 1983, is for excessive force in violation of Plaintiff's Fourth Amendment rights. This Defendant would have answered Count II of the Complaint, had it been appropriately limited to that theory of liability. However, the Plaintiff asserted other theories of liability, which are completely

4

unsupported by the factual allegations. This is especially true in light of the heightened pleading standard applicable to the claim. In Count II, the Plaintiff failed to allege with the required specificity the facts which make out his claims. Simply put, the factual allegations neither support a 42 U.S.C. § 1983 claim for a violation of Plaintiff's for rights under the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment nor can they circumvent Defendant, Timothy Lemmeyer's entitlement to qualified immunity.

**II.     The Plaintiff's Complaint Fails To State A Cause Of Action For Negligence Under Florida Law**

Count VI of Plaintiff's Complaint is subject to dismissal for failure to state a cognizable claim for negligence under Florida Law. "[N]egligent use of excessive force" is not recognized by Florida courts. *Rivera v. Cohen*, 2009 U.S. Dist. LEXIS 88930 (M.D. Fla. 2009). "[T]here is no cause of action for the negligent use of force . . . it is inapposite to allege the negligent commission of an intentional tort, such as the use of excessive force." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1294 (11th Cir. 2009)(citing *City of Miami v. Ross*, 695 So.2d 486, 487 (Fla. 3d DCA 1997); *City of Miami v. Sanders*, 672 So.2d 46, 48 (Fla. 3d DCA 1996)). The Plaintiff does not allege a "distinct act of negligence" that could foreseeable be brought in conjunction with his claim for excessive use of force. *See*, *Sanders*, 672 So.2d at 48. Thus, Count VI should be dismissed as a matter of law for failing to state a claim for which relief can be granted.

Furthermore, Count VI is barred by the immunity from suit afforded to Defendant, Timothy Lemmeyer, pursuant to Florida Statute § 768.28 (9)(a). The relevant part of which reads:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

*Fla. Stat*. § 768.28(9)(a). "Section 768.28(9)(a) clothes governmental employees with individual immunity that is lost only as to torts committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights and safety." *Castellano v. Raynor*, 725 So. 2d 1197, 1198 (Fla. 2nd DCA 1999); *Simon v. Murphy*, 895 So. 2d 1245 (Fla. 4th DCA. 2005). The statutory immunity afforded to police officers, employees and agents of the state, which shields them from liability for injuries or damages suffered as a result of acts, events, or omissions of action in the scope of employment or function, is both an immunity from liability and an immunity from suit, and the benefit of this immunity is effectively lost if the person entitled to assert it is required to go to trial. *Willingham v. City of Orlando*, 929 So.2d 43 (Fla. 5th DCA 2006)(citing *Tucker v. Resha*, 648 So.2d 1187 (Fla. 1994).

In *Koves v. City of Orlando*, 2007 U.S. Dist. LEXIS 55902, 4-5 (M.D. Fla. 2007), the court held that a battery claim does not *ipso facto* constitute willful and wanton misconduct under Section 768.28 Florida Statutes. The court in *Koves* dismissed the complaint for failure to state a cause of action where there was no allegation that the individual officer's actions were undertaken in bad faith, with malicious purpose or with wanton and willful disregard of the plaintiff's rights. The Plaintiff has failed to allege that Defendant, Timothy Lemmeyer, acted in bad faith, with malicious purpose or with wanton and willful disregard of the Plaintiff's rights. Thus, Count VI of the Plaintiff's Complaint is barred by Florida Statute §768.28(9)(a).

WHEREFORE, based on the above-stated arguments and cited legal authority, Defendant, Timothy Lemmeyer, moves this Honorable Court for the entry of an order dismissing Count II and Count VI of Plaintiff's Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy hereof has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to, DIEGO M. MADRIGAL, III, ESQ., Post Office Box 568188, Orlando, Florida 32856-8188, JOHN M. GREEN, ESQ./LINDA L. WICHENBACH, ESQ., 125 N.E. 1st Avenue, Suite 2, Ocala, Florida 34470; D. ANDREW DEBEVOISE, ESQ., 1035 S. Semoran Blvd., Suite 1010, Winter Park, Florida 32792; and JEANELLE G. BRONSON, ESQ., 901 North Lake Destiny Road, Suite 450, Maitland, Florida 32751, this 3rd day of November, 2009.

/s/ Deborah I. Mitchell
BRUCE R. BOGAN, ESQ.
Fla. Bar No. 599565
DEBORAH I. MITCHELL, ESQ
Fla. Bar No. 806781
Hilyard, Bogan, & Palmer, P.A.
Post Office Box 4973
Orlando Fl 32802-4973
Telephone (407) 425-4251
Facsimile  (407) 841-8431
Email: bbogan@hilyardlawfirm.com
Attorneys for Defendant,
Timothy Lemmeyer