UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TOMMIE J. EDWARDS, an individual,

 Plaintiff,

vs.

ED DEAN, in his official capacity as Sheriff of Marion County, Florida; DAVID TENCZA, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office; TIMOTHY LEMMEYER, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office; and BEATRIZ AYALA, individually and in her capacity as a corrections officer of the Marion County Sheriff's Office,

 Defendants.
_____/

CASE NO.: 5:09-cv-00457-WTH-GRJ

**DISPOSITIVE MOTION**

## DEFENDANT, DAVID TENCZA'S, MOTION TO DISMISS COUNTS I AND V OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

 COMES NOW the Defendant, DAVID TENCZA, by and through his undersigned counsel, pursuant to Fed.R.Civ.P. 12(b), and files this motion to dismiss Counts I and V of Plaintiff's Complaint, and as grounds therefore, would show unto the Court as follows:

**STATEMENT OF THE CASE**

Plaintiff, TOMMIE J. EDWARDS, has filed a seven-count Complaint against ED DEAN, as Sheriff of Marion County, Florida, Defendant, DAVID TENCZA, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office[1], TIMOTHY LEMMEYER, individually and in his capacity as a corrections officer of the Marion County Sheriff's Office, and BEATRIZ AYALA, individually and in her capacity as a corrections officer of the Marion County Sheriff's Office, alleging that Defendants TENCZA and LEMMEYER physically battered, assaulted, and/or were negligent causing serious and permanent injuries to the Plaintiff on August 4, 2007, at the Marion County corrections facility. Count I of the Complaint purports to allege a 42 U.S.C. §1983 claim against Defendant TENCZA for the alleged use of unreasonable and excessive force against the Plaintiff purportedly in violation of the Plaintiff's right to equal protection, due process, and the Plaintiff's Fourth and Fourteenth Amendments (¶ 14, 15, 17 &18). Counts II, III and IV purport to allege 42 U.S.C. §1983 claims against Defendants LEMMEYER, AYALA and DEAN, respectively. Count V purports to allege a state law negligence claim against Defendant TENCZA alleging that Defendant TENCZA owed a duty of care to Plaintiff EDWARDS and breached said duty of care to Plaintiff EDWARDS by using

---

[1] To the extent that Plaintiff purports to allege a claim against Defendant TENCZA in his official capacity as a corrections officer, such claim is inappropriate and should be stricken and/or dismissed since it is tantamount to a claim against his employer, Sheriff DEAN. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (same).

excessive force while EDWARDS was in custody (¶46 and ¶47 of the Complaint). Counts VI and VIII purport to allege state law negligence claims against Defendant LEMMEYER and Defendant DEAN, respectively.

### STANDARD FOR REVIEW FOR DISMISSAL UNDER RULE 12(b)

Pursuant to Fed.R.Civ.P. 12(b)(6), a defendant may move for dismissal of a claim that fails to state a claim upon which relief can be granted. A motion to dismiss under this rule admits the well pled allegations of the Complaint, but denies their legal sufficiency. Hospital Building Co. v. Trustees of the Rex Hospital, 425 U.S. 738 (1976). In reviewing a motion to dismiss, the Court is only required to accept well pled facts and reasonable inferences drawn from those facts. Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). While the standard of construction with respect to reviewing a denial of a motion to dismiss is liberal, it does not impose upon the Court, the duty to rewrite the Complaint for the Plaintiff, or to assume facts not contained within the Complaint. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993). In fact, even though a plaintiff may have a factual basis for a claim, it is incumbent upon the plaintiff to plead facts showing his entitlement to relief in order to survive a motion to dismiss. More than mere conclusory notice pleading is required. See Gonzalez, at 1235. Unsupported conclusions of law are of mixed fact and law when challenged by a defendant may subject a claim to dismissal pursuant to Rule 12(b)(6). Id.

A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action are inadequate. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007). A plaintiff must include adequate factual allegations in the Complaint to satisfy the requirement of providing not only fair notice of the nature of the claim, but also the grounds on which the claim rests. Id., at 557. Legal conclusions couched as factual allegations are not to be accepted as true when facing a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

## ARGUMENT

### PURPORTED CONSTITUTIONAL VIOLATIONS

Count I of Plaintiff's Complaint purports to allege a 42 U.S.C. §1983 action for the alleged violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, due process and equal protection rights. Count I of the Complaint takes a "shotgun" approach and lacks adequate specificity required by Rule 8, Federal Rule of Civil Procedure, with respect to several of Plaintiff's alleged constitutional violations. "Shotgun pleadings" are not looked upon favorably by the Court. Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296, n. 9 (11th Cir. 2002); Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

In paragraph 15 of the Complaint, the Plaintiff alleges that Defendant TENCZA, in using excessive force against the Plaintiff, violated state and

departmental regulations which constituted a deprivation of the Plaintiff's civil rights. However, the Plaintiff does not allege any facts to support his contention that the alleged actions of Defendant TENCZA, in violating state and departmental regulations, deprived the Plaintiff of his civil rights. Even if one accepts the Plaintiff's allegations regarding the alleged violation of state and departmental regulations, such alleged violations by Defendant TENCZA would not constitute a deprivation of Plaintiff's civil rights. It is established jurisprudence that violations of state law or departmental regulations without more are insufficient to rise to a 42 U.S.C. §1983 claim. <u>Owens v. City of Atlanta</u>, 780 F.2d 1564, 1567 (11th Cir. 1986) (Not every action or omission by a state officer which could be a violation of state law amounts to a constitutional violation under §1983. <u>Moran v. Corr. Servs Corp.</u>, 2002 WL 31941456 at *3 (S.D. Fla. 2002)(Unpublished). The Complaint as currently drafted fails to allege specific facts to establish that Defendant TENCZA, by allegedly violating state law or departmental procedures, somehow violated the Plaintiff's constitutional rights. Accordingly, the claim by the Plaintiff that Defendant TENCZA, by allegedly violating state or departmental policy, also violated the Plaintiff's civil rights is subject to dismissal.

In paragraph 17 of the Complaint, the Plaintiff purports to allege a violation of the Plaintiff's due process rights by Defendant TENCZA by asserting that Defendant TENCZA provided false and misleading information to superior officers in order to justify the improper use of force upon the Plaintiff. Plaintiff

gives no explanation as to how Defendant TENCZA's actions allegedly violated Plaintiff's due process rights. The Plaintiff simply asserts conclusory allegations in this regard. Additionally, it is clear that Plaintiff's Complaint is premised on the alleged use of excessive force. It is well settled law that all claims that law enforcement officers have used excessive force should be analyzed under the Fourth Amendment and its reasonableness standard. See Menuel v. City of Atlanta, 25 F.3d 990, 995 (11th Cir. 1994), citing Graham v. Connor, 490 U.S. 386, 395 (1989); Carr v. Tatangelo, 338 F.3d 1259, 1267, n. 15 (11th Cir. 2003)(Fourth Amendment rather than Fourteenth Amendment is proper basis to analyze excessive force claims when seized). There are no factual allegations asserted by the Plaintiff to support a violation of the Plaintiff's due process rights. The Plaintiff does not allege whether he is claiming a procedural or substantive violation of his alleged due process rights. The Complaint as currently drafted fails to allege any substantive facts which would support a claim for a due process violation by Defendant TENCZA.

In paragraph 14 of the Complaint, the Plaintiff alleges that the use of unreasonable and excessive force against the Plaintiff by Defendant TENCZA violated his right to equal protection under the law. The Plaintiff in making such an allegation fails to allege any facts which would support an equal protection claim. The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner. Leib v. Hillsborough County Public Transportation Commission, 558 F.3d 1301, 1305 (11th Cir. 2009). The Plaintiff

fails to allege that he is a member of a protected class or how Defendant TENCZA allegedly deprived him of equal protection of the laws in violation of the United States Constitution.  Even if one assumed *arguendo* that Plaintiff claims that he is a "class of one", he must show that he was treated differently from other similarly situated individuals and if so, that there was no rational basis for the alleged disparate treatment.  Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007).  See also Hayden v. Coppage, 533 F.Supp.2d 1186, 1192-94 (M.D. Ala. 2008) (Explaining need to comply with Eleventh Circuit's heightened pleading requirement in contempt with qualified immunity and equal protection allegations); Bay Area Remodelers, Inc. v. Manatee County, Fla., 2009 WL 151140 at *2 (M.D. Fla.) (Unpublished) (same).

### PLAINTIFF'S STATE LAW CLAIM FOR NEGLIGENCE AGAINST DEFENDANT TENCZA SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION AND BASED ON SOVEREIGN IMMUNITY

Count V of Plaintiff's Complaint purports to allege a state law claim for the negligent use of excessive force by Defendant TENCZA.  In paragraph 4 of the Complaint, the Plaintiff alleges that at all times material, Defendant TENCZA was an employee of Defendant, MARION COUNTY SHERIFF, and was acting within the course and scope of his employment.  Count V of the Complaint should be dismissed pursuant to Fla.Stat. §768.28(9)(a) which protects governmental employees from liability in their individual capacity for negligent actions occurring within the course and scope of their employment.  In the instant action, the Plaintiff does not allege that Defendant TENCZA acted in bad faith, with

malicious purpose, or with wanton and willful disregard of the Plaintiff's rights. Accordingly, Count V as currently pled should be barred by §768.28(9)(a), Fla.Stat.  Castellano v. Raynor, 725 So.2d 1197, 1198 (Fla.2d DCA 1999); Willingham v. City of Orlando, 929 So.2d 43 (Fla. 5th DCA 2006); Tucker v. Resha, 648 So.2d 1187 (Fla. 1994).  As with 42 U.S.C. §1983 qualified immunity, state law immunity under §768.28(9)(a), should be resolved at the earliest possible opportunity so as to provide governmental employees with the full benefit of §768.28(9)(a).  The trial judge should act as a gatekeeper and should terminate civil proceedings when the immunity applies.  Willingham, 929 So.2d at 48.

      With respect to the Plaintiff's claim that Defendant TENCZA was negligent in his use of excessive force, same should be dismissed.  Allegations of excessive force are in effect, allegations of battery which is an intentional tort.  It is established jurisprudence in Florida that there is no such thing as the negligent use of excessive force.  Count V of the Complaint is clearly premised upon negligence and an alleged breach of duty of care.  As such, Count V fails to state a cause of action.  See Sullivan v. Atlantic Federal Savings & Loan Association, 454 So.2d 52 (Fla. 4th DCA 1994), *rehearing den. Sept. 7, 1994*; City of Miami v. Sanders, 672 So.2d 46 (Fla. 3d DCA 1996).  In Sanders, the Plaintiff brought an action against the City of Miami for the negligent use of excessive force by police officers.  After a jury trial in which the City was found negligent, the case was appealed and the Third District Court of Appeals reversed the verdict holding that

an assault and battery is not negligence, for such action is intentional, while negligence connotes an unintentional act. It is established jurisprudence that there can be no negligent commission of an intentional tort. <u>Lewis v. City of West Palm Beach, Fla.</u>, 561 F.3d 1288, 1294 (11th Cir. 2009); <u>City of Miami v. Ross</u>, 695 So.2d 486, 487 (Fla.3d DCA 1997). Accordingly, Count V of the Complaint against Defendant TENCZA should be dismissed.

For the reasons set forth herein, it is respectfully submitted that Plaintiff's claims for violation of the Plaintiff's alleged equal protection rights and due process rights as alleged in Count I and the entirety of Count V should be dismissed against Defendant TENCZA and for any other reasons that this Honorable Court deems just and proper.

/s/ Jeanelle G. Bronson
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
JEANELLE G. BRONSON
Florida Bar No. 266337
RAMON VAZQUEZ
Florida Bar No. 196274
Attorneys for Defendant, DAVID TENCZA
GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL 32853-8065
Suite 450, 901 N. Lake Destiny Road
Maitland, FL 32751-4886
Phone: (407) 423-9545
Fax:    (407) 425-7104
e-mail: waketcham@growerketcham.com
           jgbronson@growerketcham.com
           rvazquez@growerketcham.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following: Diego M. Madrigal, III, Esq., of Wooten, Kimbrough, Gibson, Doherty and Normand, P.A., Attorneys for Plaintiff, P.O. Box 568188, Orlando, FL 32856-8188; D. Andrew DeBevoise, Esq. and Eric McCaughey Tueche, Esq., of DeBevoise & Poulton, P.A., Attorneys for Defendant, BEATRIZ AYALA; John M. Green, Jr., Esq. and Linda L. Winchenbach, Esq., of John M. Green, Jr., P.A., Attorneys for Defendant, ED DEAN, 125 NE 1st Ave Ste 2, Ocala, FL 34470-6675; and Deborah I. Mitchell, Esq., of Hilyard, Bogan & Palmer, P.A., Attorneys for Defendant, TIMOTHY LEMMEYER, P.O. Box 4973, Orlando, FL 32802-4973.

/s/ Jeanelle G. Bronson
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
JEANELLE G. BRONSON
Florida Bar No. 266337
RAMON VAZQUEZ
Florida Bar No. 196274
Attorneys for Defendant, DAVID TENCZA
GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL 32853-8065
Suite 450, 901 N. Lake Destiny Road
Maitland, FL 32751-4886
Phone: (407) 423-9545
Fax:    (407) 425-7104
e-mail: waketcham@growerketcham.com
        jgbronson@growerketcham.com
        rvazquez@growerketcham.com